Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| WORLDWIDE ENVIRONMENTAL PRODUCTS INC.<br><br>Recurrida<br><br>V.<br><br>JUAN M GOTAY AMADOR Y OTROS<br><br>Peticionarios | TA2025CE00630 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso Núm.: CG2025CV01774<br><br>Sobre: Libelo, Calumnia o Difamación |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Ronda del Toro y la Jueza Lotti Rodríguez

Grana Martínez, Jueza Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 17 de noviembre de 2025.

José M. Gotay Amador y Dr. Diesel, Inc. (en conjunto, los peticionarios) nos solicitan que revisemos la *Resolución* que notificó el Tribunal de Primera Instancia, Sala de Caguas (TPI) el 12 de septiembre de 2025. Mediante esta, el foro primario declaró "No Ha Lugar" la *Moción de Desestimación al Amparo de la Regla 10.2 de Procedimiento Civil Enmendada; Solicitud de Sentencia Sumaria Enmendada* presentada por los peticionarios.

Por los fundamentos que expondremos a continuación, denegamos expedir el auto de *certiorari.*

**I.**

El 28 de mayo de 2025, Worldwide Environmental Products, Inc. (WEP o recurrida) presentó una *Demanda* contra los peticionarios por supuesta difamación, libelo, calumnia y daño a su imagen comercial.[1] En esencia, sostuvo que estos han llevado un

---

[1] Entrada #1 del Sistema Unificado de Manejo y Administración de Casos del Tribunal de Primera Instancia (SUMAC TPI).

patrón de difamación y libelo contra WEP, con la única intención de dañar la imagen comercial de la empresa y su buen nombre, lo cual ha provocado daños económicos y otros tangenciales. Además, indicó, entre otras cosas, que el señor José M. Gotay Amador ha subido a su página de Facebook, la cual cuenta con más de 900,000 seguidores, que el sistema utilizado por WEP impediría que madres solteras y otros conductores puedan inspeccionar su automóvil de manera correcta.[2] Igualmente, en los referidos videos, los peticionarios han dado entender que los permisos que permitieron a WEP operar en Puerto Rico, fueron producto de la corrupción en la gestión pública y de negocios turbios.

De lo anterior, la recurrida reiteró que todas las expresiones emitidas por los peticionarios son completamente falsas y se han utilizado con el único fin de dañar la imagen comercial de la empresa. Por lo tanto, solicitó al TPI por las expresiones difamatorias y/o libelosas una cantidad no menor de $10,000,000.00, mientras que por los daños económicos causados $1,000,000.00, que continúa en incremento.

Luego de varios trámites procesales, el 1 de julio de 2025 la recurrida presentó una *Moción Informativa y Solicitud de Orden Provisional.*[3] Allí, solicitó al foro primario que emitiera una orden para regular las expresiones de los peticionarios en redes sociales y otros medios, a los efectos de evitar que se agravaran los alegados daños. En específico, este sostuvo que Juan M. Gotay Amador ha publicado ciertos videos en su página de Facebook en la que hace alusión con vilipendio al proceso judicial que se ha iniciado con la presentación demanda.

No obstante, el foro primario emitió una Orden en la que expresó lo siguiente: "*Vista la Moción Informativa y Solicitud de*

---

[2] Íd., pág. 5.
[3] Entrada #11 de SUMAC TPI.

*Orden Provisional* promovida por la recurrida, el Tribunal dispone No Ha Lugar, por el momento. Sométase evidencia de las publicaciones que la demandante considera difamatorias e interesa sean descontinuadas y el Tribunal reevaluará".[4]

Luego de los trámites antes descritos, el 2 de julio de 2025, el peticionario, Dr. Diesel Inc. compareció ante el TPI mediante *Moción para Asumir Representación Legal y en Solicitud de Prórroga para Contestar Demanda*.[5] De igual forma, ese mismo día, compareció ante el foro primario en su carácter personal el peticionario, Juan M. Gotay Amador.[6]

El 7 de julio de 2025, el TPI aceptó las respectivas representaciones legales y les concedió a estos el término de treinta (30) días para formular alegación responsiva a la *Demanda*.[7] Ese mismo día, WEP presentó otro escrito intitulado *Moción en Cumplimiento de Orden y reiterando Solicitud de Orden Protectora*.[8] Según se desprende de la referida moción, la recurrida incluyó en el escrito unos enlaces que contenían publicaciones y expresiones alegadamente difamatorias realizadas por los peticionarios. Asimismo, la recurrida le solicitó al foro primario que para preservar la dignidad del proceso judicial emitiera una orden de mordaza contra los peticionarios o, en la alternativa, limitara sus expresiones.

En cuanto a lo anterior, el foro primario emitió una Orden en la que explicó que este se encuentra impedido de proveer el "conforme", ya que las computadoras de la OAT, la cuales los jueces utilizan para sus labores, están impedidas de acceder a la red Facebook.[9] Añadió, que las entradas de Facebook y/o los videos

---

[4] Entrada #13 de SUMAC TPI.
[5] Entrada #15 de SUMAC TPI.
[6] Entrada #14 de SUMAC TPI.
[7] Entradas #17 y #18 de SUMAC TPI.
[8] Entrada #20 de SUMAC TPI.
[9] Entrada #21 de SUMAC TPI.

aludidos por la parte demandante deben ser provistas físicamente al Tribunal mediante un dispositivo móvil tipo USB para poder acceder el contenido aludido en su moción. En cumplimiento, la recurrida presentó una *Moción para Acreditar Presentación de Evidencia en Secretaría* en la cual se certificó que presentó la evidencia física que solicitada mediante dispositivo USB.[10]

Por otra parte, el 30 de julio de 2025, los peticionarios presentaron una *Moción Conjunta de Imposición de Fianza de No Residente y Otros Remedios* donde le solicitaron al TPI la imposición de fianza a WEP por esta ser una corporación foránea. [11] El 31 de julio de 2025, el TPI emitió una Orden en la que le impuso a la recurrida una fianza de no-residente por la cantidad de mil dólares ($1,000.00).[12]

Ese mismo día, el TPI emitió otra *Orden* en el cual ordenó los siguientes extremos: (i) se le ordena al demandado Juan M. Gotay Amador también conocido como Dr. Diesel retirar de las redes sociales todo video y/o expresión escrita en la que se refiera a la persona del señor Arturo Deliz Vélez y/o la demandante Worldwide Environmental Products, Inc.; (ii) se le ordena al demandado Juan M. Gotay Amador también conocido como Dr. Diesel abstenerse de hacer cualquier expresión pública sea mediante video o escrito sobre la persona del señor Arturo Deliz Vélez y/o la demandante Worldwide Environmental Products, Inc.; (iii) abstenerse de hacer cualquier referencia a la presente Orden; (iv) que su incumplimiento con la presente *Orden* podrá dar lugar a un desacato al Tribunal, con la correspondiente imposición de multas y/o gastos y/o honorarios profesionales incurridos para traer a la atención del Tribunal su incumplimiento y/o pena de reclusión.[13]

---

[10] Entrada #22 de SUMAC TPI.
[11] Entrada #25 de SUMAC TPI.
[12] Entrada #26 de SUMAC TPI.
[13] Entrada #27 de SUMAC TPI.

Inconforme con el proceder del TPI, el 6 de agosto de 2025, los peticionarios presentaron un recurso de *certiorari* en el foro apelativo. En el caso TA2025CE00253, resuelto por este Tribunal, se revocó la *Orden* emitida por el TPI del 31 de julio de 2025. Allí, resolvimos que el foro primario debía celebrar una vista en la que se permita a las partes exponer sus argumentos. Además, añadimos que incidió el TPI al ordenar a los peticionarios abstenerse de hacer cualquier expresión pública de la recurrida y de la *Orden* en cuestión, toda vez porque tal prohibición constituía censura previa sin la celebración de una vista.

Antes de que se emitiera el referido dictamen, el 11 de agosto de 2025, los peticionarios presentaron *Moción de Desestimación al Amparo de la Regla 10.2 de Procedimiento Civil Enmendada; Solicitud de Sentencia Sumaria Enmendada.*[14] No obstante, el 12 de septiembre de 2025, el foro primario emitió una *Resolución* en la que declaró "No Ha Lugar" la moción presentada por los peticionarios.[15] Ese mismo día, los peticionarios presentaron una oportuna *Reconsideración.*[16] Sin embargo, el 15 de septiembre de 2025, el foro primario la declaró "No Ha Lugar".[17]

Inconforme con el proceder del foro primario, el 15 de octubre de 2025, los peticionarios acudieron ante este Tribunal mediante recurso de *certiorari* y señalan los siguientes errores:

> **PRIMER ERROR:** ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL NO DESESTIMAR LA DEMANDA CUANDO ESTA NO CONTIENE PÁRRAFO ALGUNO DONDE SE DESPRENDA QUE LOS PETICIONARIOS REALIZARON ALGUNA EXPRESIÓN QUE DE SU FAZ SE PUEDA CONSIDERAR DIFAMATORIA, Y, POR LO TANTO, LA RECURRIDA WEP NO EXPUSO HECHOS QUE JUSTIFIQUEN LA CONCESIÓN DE UN REMEDIO A SU FAVOR.
>
> **SEGUNDO ERROR:** ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL NO RESOLVER LA MOCIÓN DE DESESTIMACIÓN QUE PRESENTARON LOS

---

[14] Entrada #37 de SUMAC TPI.
[15] Entrada #46 de SUMAC TPI.
[16] Entrada #49 de SUMAC TPI.
[17] Entrada #51 de SUMAC TPI.

PETICIONARIOS AL AMPARO DE LA REGLA 10.2 (5) COMO UNA SOLICITUD DE SENTENCIA SUMARIA QUE, AL HABER INCLUIDO MATERIAS O DOCUMENTOS ADMISIBLES NO CONTENIDOS EN LA ALEGACIÓN IMPUGNADA, Y AL NO SER ESTOS EXCLUIDOS POR EL TRIBUNAL, DEBIÓ SUJETARSE EL TRÁMITE ULTERIOR HASTA SU RESOLUCIÓN FINAL A LAS DISPOSICIONES QUE SE ESTABLECEN EN LA REGLA 36 DE PROCEDIMIENTO CIVIL.

## II.

### A. El certiorari

El auto de certiorari es el vehículo procesal extraordinario mediante el que un tribunal de mayor jerarquía, puede revisar las determinaciones de un tribunal inferior. A través de este recurso, el peticionario solicita a un tribunal de superior jerarquía que corrija un error cometido por el tribunal inferior. Art. 670 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3491.

El recurso de certiorari se caracteriza porque su expedición descansa en la sana discreción del tribunal revisor. *Pueblo v. Diaz De León*, 176 DPR 913, 917-918 (2009). No obstante, la discreción para autorizar la expedición del recurso y adjudicarlo en sus méritos, no es irrestricta. Dicha discreción se define como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. *Pueblo v. Custodio Colon*, 192 DPR 567, 588 (2015). De modo que, el ejercicio de discreción no implica la potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho. *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728-729 (2016). Los elementos a evaluar para considerar si el foro primario incurrió en abuso de discreción son, entre otros, si: (1) el juez no toma en cuenta e ignora, sin fundamento para ello, un hecho material importante que no podía ser pasado por alto; (2) el juez, sin justificación y fundamento alguno para ello, le concede gran peso y valor a un hecho irrelevante e inmaterial y basa su decisión exclusivamente en él, o (3) a pesar de tomar en cuenta todos los hechos materiales e

importantes y descartar los irrelevantes, el juez sopesa y los calibra livianamente. *García v. Asociación,* 165 DPR 311, 321-322 (2005).

En ese sentido, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V. establece los preceptos que rigen la discreción del Tribunal de Apelaciones para expedir un recurso de certiorari. Según lo establecido en la Regla 52.1 de Procedimiento Civil, *supra,* el recurso de certiorari solamente será expedido:

> ....
> [P]ara revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
>
> Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 sobre los errores no perjudiciales.

Asimismo, la Regla 40 de Reglamento del Tribunal de Apelaciones, según enmendado, *In re Aprob Enmdas.,* Reglamento TA, 2025 TSPR 42, 215 DPR ___ (2025), fija los criterios que este foro habrá de considerar para ejercer, sabia y prudentemente, su discreción para atender o no en los méritos un recurso de certiorari. Estos son los siguientes:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para analizar el problema.

C. Si ha mediado prejuicio, parcialidad, o error craso y manifiesto de la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración, más detenida a la luz de los autos originales, por los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

### B. Moción de Desestimación

La Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, permite que el demandado solicite la desestimación de la demanda, antes de presentar una contestación. Las razones para solicitar la desestimación son las siguientes: (1) falta de jurisdicción sobre la materia, (2) falta de jurisdicción sobre la persona, (3) insuficiencia del emplazamiento, (4) insuficiencia del diligenciamiento del emplazamiento, (5) dejar de exponer una reclamación que justifique la concesión de un remedio y (6) dejar de acumular una parte indispensable. *Costas Elena v. Magic Sport,* 213 DPR 523, 533 (2024); *González Méndez v. Acción Soc.*, 196 DPR 213, 234 (2016).

El Tribunal Supremo de Puerto Rico ratificó tan reciente como en *Costas Elena v. Magic Sport, supra,* las normas que rigen la desestimación de una demanda basada en la Regla 10.2 de Procedimiento Civil, *supra,* en su inciso cinco (5). Estas normas son las siguientes:

(1) La desestimación procede cuando de las alegaciones de la demanda, surge que alguna de las defensas afirmativas derrotara la pretensión del demandante.

(2) Al evaluar una moción de desestimación al amparo de la Regla 10.2 (5), *supra,* el tribunal tiene que tomar como ciertos todos los hechos bien alegados en la demanda, aseverados de manera clara y concluyente y que de su faz no dan margen a dudas.

(3) Los tribunales que atienden una moción basada en la Regla 10.2, *supra,* tienen que evaluar las alegaciones de la demanda conjuntamente, y de la forma más favorable para el demandante.

(4) Toda duda debe resolverse a favor del demandante.

(5) El demandado tiene que establecer con toda certeza que el demandante no tiene derecho a remedio alguno, bajo cualquiera estado de Derecho que se pudiera probar en apoyo a su reclamación. *Costas Elena v. Magic Sport, supra,* págs. 533-534.

La privación de un litigante de su día en corte solo procede en casos extremos. La desestimación al amparo de la Regla 10.2(5), *supra,* prosperará si luego de realizar el análisis requerido, el tribunal entiende que no se cumple con el estándar de plausibilidad. Los tribunales no pueden dar paso a una demanda insuficiente bajo el pretexto de que las alegaciones conclusorias podrán ser probadas con el descubrimiento de prueba. *Costas Elena v. Magic Sport, supra,* pág. 534.

**III.**

Los peticionarios alegan que el foro primario incidió al no desestimar la *Demanda* cuando la recurrida no expuso hechos que justifiquen la concesión de un remedio a su favor.

Aunque la regla 52.1 de Procedimiento Civil, *supra,* permite nuestra intervención con una moción de carácter dispositivo, luego de revisar el derecho aplicable y los parámetros de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra,* no encontramos criterio alguno que justifique nuestra intervención con la determinación recurrida por lo que denegamos el recurso. Las circunstancias particulares de este caso no ameritan nuestra intervención en este momento.

**IV**.

Por lo que se deniega el recurso presentado.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones